## SUPREME COURT.

In the matter of the petition of CALVIN O. BILLINGS.

A debtor applying for a discharge from his debts under the statute, must state fully the account of his property in which he has any interest, including such as has been transferred to a *receiver* under a judgment, or under an *assignment* for the benefit of creditors.

*New York Special Term, September,* 1859.

APPLICATION for the petitioner's discharge from his debts under the statute.

INGRAHAM, Justice.    It is apparent from the petitioner's examination that he held notes and securities which he has not stated in the account of his property, and that he may also have an interest in the property conveyed to Chave, and the Saratoga land, although the legal title is in another person.

The appointment of a receiver for the benefit of a creditor, or the execution of an assignment to an assignee, for the benefit of all his creditors, does not so divest the petitioner of the property as to deprive him of any interest that may remain after payment of the claims so provided for.    The statute requires an account of the property, and of the charges affecting the same.    Property passed to a receiver, or a right to any surplus therein, should be stated, and the judgment and appointment of the receiver should be stated as the charge affecting the property.    The same statement should be made as to an assignee.    The object of the statute is to enable the creditor to ascertain whether the debtor has reserved any property from his creditors, and if the debtor may under the appointment of a receiver say he owns no property on that account, he may very easily conceal from his creditors a large amount,

which otherwise could be applied to the payment of his debts.

There can be no difficulty in this case in making a proper statement, and I think the petitioner must do so before he can be discharged under the statute.

The application must be denied.